IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
RICHARD H. GANS,                )
                                )
              Plaintiff,        )       8:06 CV 344
                                )
       v.                       )
                                )
                                )
THE COUNTRY CLUB OF,            )       MEMORANDUM AND ORDER
LINCOLN, NEBRASKA,              )
                                )
              Defendant.        )
```

    Defendant Country Club of Lincoln ("CCL") has filed a motion for protective order, to strike, and in limine. Filing 30.  CCL seeks to prevent plaintiff from seeking through discovery or presenting any evidence, argument, or comment related to the immigration status of any past or present CCL employees, and striking or limiting several of  plaintiff's requests for discovery. CCL claims that plaintiff's attempts to discover information about the immigration status of defendant's present and/or former employees and CCL's past or present hiring practices regarding the immigration status of prospective employees are irrelevant.  Defendant  argues that plaintiff's inquiries into these subjects are intended "to annoy, embarrass, oppress, burden, humiliate, harass, intimidate, and defame CCL."  Filing 31, p. 5.

    Plaintiff has opposed the motion (filing 42), and, after the defendant filed its reply brief (filing 43), plaintiff filed a motion to strike the motion for protective order.  Filing 44. Defendant has, in turned, opposed the motion to strike.  Filing 49.

    Initially I must address the procedural posture of the matters before the court.  First, there is an insufficient showing of compliance with NECivR 7.1(I).  That rule requires a specific

showing that counsel, prior to filing a discovery motion, have conferred and "after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord.  This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them."  The showing made in support of the motion states only that counsel conferred on November 9, "but the parties will not reach a resolution without the Court's involvement."

In addition, and as pointed out by plaintiff, the motion is not supported by evidence.  NECivR 7.1(i)(2) requires, "A discovery motion shall include in the text of the motion or in an attachment a verbatim recitation of each interrogatory, request, answer, response, and objection that is the subject of the motion."  The brief in support of the motion recites certain of the plaintiff's discovery requests, but does not state that any objection was timely made to any of them.  Filing a motion for protective order does not create an opportunity to object to a discovery request if no objection was made to the request in the first instance.  There is nothing before me indicating that the defendant's present assertions were timely interposed as objections to the plaintiff's discovery requests.

Further, defendant makes a number of factual assertions in the brief in support of the motion, but has not filed any evidence establishing those facts.  The requirements for supporting a discovery motion with evidence are clearly set out in the provisions of NECivR 7.1(a)(2).  Despite the clarity of those instructions, no evidence index has been filed supporting the motion or establishing the facts asserted therein.  Defendant's argument that the newspaper articles cited are accessible on the internet is not sufficient to meet the authentication requirements of Rule 7.1(a)(2)(C); the same is true of the defendant's citations to publications of the Immigration and Naturalization Service and its successor, the Department of Homeland Security, because there is no evidence

establishing the current effective status of the quoted portions nor any facts establishing that they are self authenticating.  Because of these procedural insufficiencies, the motion for protective order must be denied.[1]

Plaintiff's motion to strike the motion for protective order was unnecessary and improper.  Defendant is correct in arguing that the motion appears to be merely an attempt to file an unauthorized reply brief.  I shall deny the motion.

IT THEREFORE HEREBY IS ORDERED:

1.  The motion for protective order, filing 30, is denied.

2.  The motion to strike motion for protective order, filing 44, is denied.


DATED December 26, 2006


BY THE COURT:

_s/ David L. Piester_
United States Magistrate Judge

---

[1] This memorandum and order addresses only the discovery aspects of the motion.  Nothing herein is intended to preclude the trial judge's consideration of these and related issues in the context of motions in limine or the receipt of evidence during the trial.